UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SPENCER AMADON, on behalf
of himself and all others similarly
situated,

    Plaintiffs,

vs.

CORAL SPRINGS DELIVERY DUDES
"LLC", a Florida limited liability company,
and DUDE HOLDINGS, LLC, a Florida
limited liability company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, SPENCER AMADON ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, sues the Defendants, CORAL SPRINGS DELIVERY DUDES "LLC", a Florida limited liability company, and DUDE HOLDINGS, LLC, a Florida limited liability company, and for his causes of action, declares and avers as follows:

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover from the Defendants unpaid minimum wages and overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and specifically under 29 U.S.C. § 216(b).

2. Plaintiff is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court.

3. Defendant, CORAL SPRINGS DELIVERY DUDES, LLC, is a Florida limited liability company, doing business in Florida, and within the jurisdiction of this Court.

4. Defendant, DUDE HOLDINGS, LLC, is a Florida limited liability company, doing business in Florida, and within the jurisdiction of this Court.

5. Defendants are in the restaurant food deliver service business and jointly employed the Plaintiff, as well as all others similarly situated, within the meaning of the FLSA, as they shared or co-determined those matters governing the essential terms and conditions of Plaintiff's employment. Defendants all possessed sufficient control over the terms and conditions of Plaintiff's employment, as well as all others similarly situated, directly and/or indirectly, and/or reserved the authority to do so.

6. Plaintiff brings this action on behalf of himself and all other similarly situated current and former delivery drivers of Defendants, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

8. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

9. At all times material hereto, during his employment with Defendants, Plaintiff was engaged in interstate commerce.

10. The additional persons who may become plaintiffs in this action, and who Plaintiff believes are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former delivery drivers of Defendants, who are or were subject to the payroll practices and procedures described in the paragraphs below.

11. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former delivery drivers, while employed by Defendants and illegally classified as independent contractors for purposes of minimum wage and overtime compensation eligibility, performed hours

of service for Defendants during one or more workweeks, for which he failed to properly receive minimum wages and overtime premiums.

12. Plaintiff, and those current and former employees similarly situated to Plaintiff, are and were illegally classified as independent contractors. Defendants paid Plaintiff on a pathetic fifty cent (.50) per delivery "flat fee" for each completed delivery, plus tips.

13. In the course of his employment with the Defendants, Plaintiff, and other current and former delivery drivers similarly situated to him, worked the number of hours required of him, many times in excess of forty (40) per workweek, but was not paid a proper minimum hourly wage or overtime premiums for any hours worked in excess of forty (40).

14. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to pay proper minimum wages and overtime compensation to Plaintiff, and those other current and former delivery drivers similarly situated to Plaintiffs, for those hours worked per workweek, including in excess of forty (40).

15. During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continue to employ individuals similarly situated to Plaintiff (*i.e.* delivery drivers; (2) classified and continue to classify these individuals as independent contractors; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these individuals, including in excess of forty (40) during one or more workweeks, for which Defendants failed to pay proper minimum wages and/or overtime premiums for those hours worked in excess of forty (40). Each improperly classified (and therefore improperly paid) delivery driver who performed and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

16. It is worth noting that Defendants already have been sued once based on these same

payroll practices, which lawsuit was settled in or about May 2016.  *See generally Justin Attai et al. v. Dude Holdings, LLC et al.*, Case No. 0:15-cv-62522, United States District Court, Southern District of Florida.

## **COUNT I - RECOVERY OF UNPAID OVERTIME**

17. Plaintiff re-avers and re-alleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.  All similarly situated employees are similarly owed time and one-half, calculated properly, for those overtime hours they worked and for which they were not properly paid.

19. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorneys' fees.

20. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiff, SPENCER AMADON, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendants for the overtime compensation payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## **COUNT II - RECOVERY OF MINIMUM WAGES**

21. Plaintiff re-avers and re-alleges all allegations contained in paragraphs 1 through 16

above as if fully set forth herein.

22. Plaintiff is entitled to be paid his statutory minimum wages for each hour worked per workweek. All similarly situated employees are similarly owed minimum wages, for those hours they worked and for which they were not properly paid.

23. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurred costs and reasonable attorneys' fees.

24. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, SPENCER AMADON, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendants for the minimum wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:       September 29, 2016

    Respectfully submitted,

    PADULA BENNARDO LEVINE LLP
    101 Plaza Real, Suite 207
    Boca Raton, FL  33432
    Telephone:   (561) 544-8900
    Facsimile:    (561) 544-8999
    Attorneys for Plaintiff


    By:   *s/ Daniel R. Levine*
        DANIEL R. LEVINE, ESQ.
        Florida Bar No. 0057861
        E-mail: drl@pbl-law.com