# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into by Spencer Amadon on behalf of himself, and his respective heirs, representatives and assigns (referred to collectively as "Plaintiff") and Delivery Dudes, LLC, Dude Holdings, LLC, and their past, current and future owners, managers, members, employees, agents, licensors, franchisors, affiliates, representatives, and attorneys, together with their successors and assigns both individually and in their corporate capacities including, but not limited to, Jayson Koss, Ryan Sturgis, Michael Silverman and Austin Rappaport, (referred to collectively in this Agreement as "Co-Defendants"). Plaintiff and Co-Defendants are referred to in this Agreement as the "Parties." Coral Springs Delivery Dudes, LLC, is not a party to this Agreement.

## RECITALS

WHEREAS, Plaintiff brought an action under the Fair Labor Standards Act claiming unpaid minimum pay and overtime wages filed in the United States District Court for the Southern District of Florida as Amadon v. Coral Springs Delivery Dudes, LLC et al., Case No.16-62329-civ-Dimitrouleas ("the Lawsuit") in which he sued Coral Springs Delivery Dudes, LLC, Delivery Dudes, LLC, Dude Holdings, LLC., Jayson Koss, Ryan Sturgis, Michael Silverman and Austin Rappaport; and

WHEREAS, the Co-Defendants deny that they owe Plaintiff any unpaid wages, overtime pay, or compensation or benefits of any kind whether or not arising out of or relating to any relationship which may exist or may have existed (contractual, employment or otherwise), or have any liability to Plaintiff for damages resulting from any other types of claims; and,

WHEREAS, the Parties desire to avoid the distraction and expense of further litigation,

NOW, THEREFORE, the Parties do mutually agree:

1. The above recitations are true and correct and are incorporated into this Agreement.

2. In exchange for the promises made by the Parties, and the consideration set forth in paragraph 5 of this Agreement and other good and valuable consideration the sufficiency and receipt of which is hereby acknowledged by Plaintiff in this Agreement, Plaintiff agrees to:

A. generally release, satisfy and forever discharge Co-Defendants(specifically including Jayson Koss, Ryan Sturgis, Michael Silverman, Austin Rappaport, Delivery Dudes, LLC, and Dude Holdings, LLC)and each of the Co-Defendants' past, current and future owners, managers, members, officers, directors, agents, licensors, franchisors, affiliates, representatives, and attorneys,) together with all of their respective successors and assigns, both individually and in their corporate capacities, from any and all duties, claims, rights, complaints, charges, damage, costs, expenses, attorney's fees, debts, demands, actions, obligations, liabilities, and cause of action, of any and every kind, nature, and character whatsoever, whether known or unknown, whether cognizable in law, in equity, or before administrative bodies, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether foreseen or unforeseen, whether past, present, or future, whether fixed, liquidated, or contingent, which he ever had, now has, or may in the future claim to have had against the Co-Defendants, based on any act or omission concerning any matter, cause, or thing from the beginning of the world through the date he executes this Agreement, specifically including, but not limited to any liability resulting from ownership or other relationship with Coral Springs Delivery

Dudes, LLC, Plaintiff knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the co-Defendants of and from any and all claims, known and unknown, asserted and unasserted or that Plaintiff has or may have against the Co-Defendants, specifically including Jayson Koss, Ryan Sturgis, Michael Silverman, Austin Rappaport, Delivery Dudes, LLC, and Dude Holdings, LLC, as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- Older Workers Benefit Protection Act
- The Americans with Disabilities Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Tort claims (including without limitation any claim for misrepresentation

or fraud, assault, battery, intentional infliction of emotional distress, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision);

- Any claim arising from a contract;
- Any public policy, contract, tort, or common law claim (whether in law or in equity); and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that the Agreement shall not apply to rights or claims that may arise after the execution of this Agreement. Additionally, nothing in this paragraph or the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Plaintiff understands and agrees that he is releasing all of the Co-Defendants from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought on his behalf.

Co-Defendants understand and agree that Plaintiff is not releasing Coral Springs Delivery Dudes, LLC from any claims, nor giving up the opportunity to recover compensation, damages, or any other form of relief in the Lawsuit against Coral Springs Delivery Dudes, LLC. Plaintiff acknowledges that with respect to the claims he is waiving and releasing, he is waiving not only his right to recover money or other relief in any action that he might institute, but also waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal

Employment Opportunity Commission (EEOC), the U.S. Department of Labor (DOL), or any other federal, state, or local agency or department. This unconditional general release shall apply regardless of whether or not such Released Claims are exclusively within the jurisdiction of a court, tribunal or administrative body other than the Court in which the Lawsuit is pending.

Plaintiff also represents and agrees that he has compromised his claims for compensation due and owing from these Co-Defendants and understands that the Co-Defendants deny that they owe any compensation to him, and that, as against these Co-Defendants, this Agreement completely resolves any and all of his claims for outstanding compensation, bonuses, commissions, or benefits or anything else of value due from the Co-Defendants as of the date of this Agreement; that he suffered no injuries prior to ceasing to provide services to any of the Co-Defendants; and that he has no pending claims, complaints, charges, lawsuits or other proceedings against any of the Co-Defendants with any governmental agency, arbitrator, or any court and will not bring any such claims, complaints, charges, lawsuits or other proceedings in the future against the Co-Defendants based on any of the Released Claims.

C.   Plaintiff will jointly move for approval of the Agreement and final dismissal with prejudice of the Lawsuit against the Co-Defendants with prejudice;

D.   Plaintiff will not apply for, or seek employment with, or to do business with or on behalf of any of the Co-Defendants or any other entity in which the Co-Defendants or any of their family members have an ownership or management interest. The Co-Defendants or any other entity in which the Co-Defendants or their relatives have an ownership or management interest shall have no obligation to process an application for employment from Plaintiff or to accept any

offer for services and any such refusal or failure to do so shall be solely on account of this Agreement;

E. Plaintiff represents that he has not assigned any rights being waived or released under this Agreement and that he has not filed for bankruptcy at the time this Agreement is executed and entered into; and

F. Not seek through discovery during the prosecution of <u>Amadon v. Coral Springs Delivery Dudes, LLC</u>, the testimony of any of the Co-Defendants nor issue any subpoenas for documents, without first conferring in good faith with counsel for the Co-Defendants. If, after such conference, no agreement is reached, the parties shall file appropriate motions with the Court and the Court shall resolve any such dispute.

3. Plaintiff acknowledges that the money and other benefits provided to him or on his behalf (such as attorneys' fees and costs) in this Agreement constitute adequate and ample consideration for the promises he makes in this Agreement, including but not limited to his full, final and irrevocable waiver and release of the Released Claims in paragraph 2(a) above.

4. Plaintiff shall bear the sole responsibility for paying his portion of federal, state or local taxes levied on the Settlement Sum (as defined below). A portion of the Settlement Sum is attributable as monetary consideration to support the promises Plaintiff makes in this Agreement and for the rights he fully, finally and irrevocably waives and releases in paragraph 2(a) against the Co-Defendants.

5. Upon Plaintiff's execution of this Agreement and the Court's approval of this Agreement pursuant to <u>Lynn's Foods</u>, and in exchange for the promises made by Plaintiff, Co-Defendants agree to:

    A.    Pay the Plaintiff and his counsel, the law firm of Padula Bennardo Levine LLP, the total settlement sum of eleven thousand dollars and no cents ($11,000.00) (the "Settlement Sum") as consideration for entering into this Agreement, dismissing the Lawsuit with prejudice as against the Co-Defendants, and performing the obligations the Plaintiff undertakes in this Agreement. The Settlement Sum shall be divided between Plaintiff and his counsel as follows:

    1)    To Spencer Amadon, the sum of $6,600.00 (six thousand six hundred dollars) for which a Form 1099 will issue to him;

    2)    To Padula Bennardo Levine LLP, the sum of $4,400.00 (four thousand four hundred dollars) for attorney's fees and costs for which a Form 1099 will issue to said firm.

The entire Settlement Sum shall be paid within ten (10) days of the Court's entry of an order approving this Agreement and Plaintiff and his counsel's submission to Co-Defendants' counsel executed Form W-9's. All checks shall be delivered to Plaintiff's counsel. An originally signed copy of this Agreement must be returned to Co-Defendants' counsel. Sums paid by Co-Defendants shall be deemed to be either on behalf, or for the benefit, of all of the Co-Defendants. Plaintiff will provide co-Defendants a mailing address for service of his form 1099.

To the extent that the Internal Revenue Service ("IRS") deems that all or any part of the Settlement Sum paid to Plaintiff ought to have been attributed as back wages, the payments made to Plaintiff shall be deemed to consist of the sum of five hundred dollars and no cents ($500.00) as consideration for the Release Claims and other promises made by Plaintiff in this Agreement, and the remaining sum paid to Plaintiff is evenly divided between back wages and liquidated damages.

6. This Agreement, the payment of the Settlement Sum and the promises made by Co-Defendants pursuant to this Agreement do not constitute admissions by any of the Co-Defendants that they are liable in any respect to Plaintiff for wrongful, unlawful or tortious conduct, it being understood that the sole premise for this Agreement is to avoid further distraction and litigation expenses associated with the Lawsuit.

The Co-Defendants, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from, or on behalf of the Plaintiff, receipt whereof is hereby acknowledged, *releases and forever discharges* the Plaintiff and his respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgements, claims, and demands whatsoever, *whether known or unknown,* either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of Plaintiff's relationship with the Co-Defendants, any agreement concerning such relationship or the termination of such relationship, which, against the Plaintiff, the Co-Defendants or the Co-Defendants' successors or assigns ever had, now and herein after can, will, or may have, by reason of any matter or cause whatsoever from the beginning of the world to the date the Defendants execute this Agreement.

7.   A. (1) Because of the voluntary undertaking of this Agreement, Plaintiff and his attorneys agree that they shall not disclose the existence and terms of this Agreement and the content of the discussions pertaining to negotiations for this Agreement, (all considered to be "Confidential Information") except as may otherwise be required by the Court or to anyone other

than Plaintiff's spouse (if any), U.S. government agencies (such as the IRS), the Florida Department of Economic Opportunity or the parties' accountants, tax preparers or auditors.

(2) This Agreement shall also include Plaintiff's obligation to prevent another to whom Confidential Information has been disclosed or divulged from making statements or taking acts prohibited by this Agreement and to refrain from suggesting to anyone else that they act indirectly to make statements or take acts prohibited by this Agreement. Should Plaintiff disclose Confidential Information to any other person, and the person or entity to whom a Plaintiff has disclosed Confidential Information further discloses Confidential Information which is protected by this paragraph, then the disclosure by the other person or entity will be deemed a breach by that Plaintiff.

(3) The parties agree that, if asked about the claims or demands made pursuant or related to the Lawsuit, they shall state no more than Athe matter was resolved."

(4) Plaintiff agrees that if Co-Defendants proves he or anyone to whom he has disclosed Confidential Information has breached any provision in Paragraph 7 to the satisfaction of a court of competent jurisdiction, then they shall be entitled to injunctive relief, an award of actual damages suffered or the sum of one thousand dollars and no cents ($1000.00), whichever is greater, and any other legal or equitable relief that a court deems just and necessary. In any action under this provision, the prevailing party is entitled to recover costs and attorney's fees.

B. Should a party receive a subpoena or request for production that requires that party to produce a copy of this Agreement or testify about the negotiations for, existence or terms of this Agreement or the settlement of the Lawsuit, that party shall give the other party at least fourteen (14) calendar days notice before responding to the subpoena or production request

except in situations where the subpoena or production request must be responded to in less than fourteen (14) days in which case that party must give immediate notice to the other party.

8. Plaintiff acknowledges that he consulted with his attorneys, Padula Bennardo Levine LLP before signing this Agreement and that he has had a reasonable amount of time within which to consider this Agreement and that it has been fully explained to him in English. Plaintiff acknowledges that he is entering into this Agreement freely and voluntarily and with complete understanding of the rights he is waiving in this Agreement.

9. Co-Defendants represents that the person(s) who sign(s) this Agreement has (have) been given sufficient authority to enter into this Agreement and bind it to the obligations provided herein.

10. Except as otherwise provided in this Agreement, each party agrees to be responsible for its own attorney's fees and costs and not to seek any attorney's fees from the other party.

11. This Agreement constitutes the complete understanding by and between the Parties and supersedes any previous agreement or arrangement regarding employment by and among them, with the exception of any pre-existing Non-Solicitation/Non-Disclosure/Non-Competition agreements, if any. No other promise or agreements shall be binding unless signed by the parties to this Agreement and no changes can be made to this Agreement unless in writing and signed by both parties.

12. The Parties agree that this Agreement may be used as evidence only in a subsequent proceeding in which one of the parties alleges a breach of this Agreement and Plaintiff agrees that he and his counsel Padula Bennardo Levine may not use this Agreement in

the Lawsuit, and as against Coral Springs Delivery Dudes, LLC, as evidence to establish willfulness or lack of good faith in this or any future lawsuit against Co-Defendants.

13. The laws of the State of Florida shall govern the interpretation and enforcement of this Agreement. In the event of a dispute concerning this Agreement, venue shall be set in Broward, Florida or in the District Court for the Southern District of Florida.

14. This Agreement shall be binding upon the parties and inure to the benefit or detriment of their respective heirs, executors, administrators, assigns, successors, beneficiaries, and agents.

15. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law and the Court shall have the authority to reform the Agreement as necessary to make the remaining provisions valid.

16. The prevailing party in any action to enforce or interpret any provision of this Agreement shall be entitled to an award of the reasonable attorney's fees and costs.

17. The parties acknowledge and assume the risk that facts, additional and different or contrary to the facts which they believe to exist, may now exist or may be discovered after this Agreement has been entered, and the parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

18. Any notices required to be made under this Agreement shall be made in writing and delivered by U.S. certified mail, by personal delivery, or by facsimile with confirmed receipt to the addresses below:

If to PLAINTIFF

Daniel R. Levine, Esq.
Padula Bennardo Levine LLP
101 Plaza Real South
Suite 207
Boca Raton, FL 33432
Ph: (561) 544-8900
drl@pbl-law.com

If to CO-DEFENDANTS

Stanley Kiszkiel, Esq.
Stanley Kiszkiel, P.A.
9000 Sheridan Street, Suite 94
Pembroke Pines, FL  33024
Ph (954) 862-2288
sklaw@kiszkiellaw.com

or such other address as the parties may designate in writing from time to time.

19. This Agreement may be executed in counterparts, all of which together shall be considered and used as a full original. Facsimile signatures shall be deemed to be original signatures.

INTENDING to be legally bound, the parties sign this Agreement on the date indicated next to their signatures.

SPENCER AMADON

_____

Date: 04/10/2017

COUNTY OF PALM BEACH
STATE OF FLORIDA

Sworn to and subscribed before me this 10th day of April, 2017, by Spencer Amadon who produced valid Florida driver's as identification. license, expiration date 10·19·2017.

_____
NOTARY PUBLIC STATE OF FLORIDA

ALICIA KENDRICK
MY COMMISSION # GG11808
EXPIRES: August 25, 2020

PAGE 12 OF 12

DELIVERY DUDES, LLC.

By: _____
      Manager

Print: Ryan Sturgis

Date: 4/7/17

DUDE HOLDINGS, LLC

By: _____
      Manager

Date: 4/7/17

Ryan Sturgis
Date: 4/7/17

Michael Silverman
Date: 4/7/17

Jayson Koss
Date: 4/7/17

Austin Rappaport
Date: