# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS AGREEMENT AND FULL IRREVOCABLE GENERAL RELEASE ("Agreement") is entered into by and between SPENCER AMADON with a DOB: REDACTED 1993 and last four digits of SS#: __9284__ on behalf of himself, his heirs, representatives and any others claiming through him, as party of the first part (collectively referred to as "AMADON") and CORAL SPRINGS DELIVERY DUDES, LLC and its present, past and future owners, managers, members (and their own respective owners, managers, members, shareholders, directors, officers), investors, insurers, AMADONs, agents, predecessors, successors, affiliated companies, and assigns in both their individual and corporate capacities and their respective heirs, representatives and assigns as well as any and all other businesses in which any of them or their families have a management or ownership interest, (referred to collectively as "COMPANY") as parties of the second part

## RECITALS

WHEREAS, AMADON is a plaintiff in an action claiming unpaid overtime wages styled AMADON v. CORAL SPRINGS DELIVERY DUDES, LLC. USDC Case No. 16-cv-62329-DIMITROULEAS ("the Lawsuit"); and

WHEREAS, COMPANY denies that it is liable to AMADON for any damages whatsoever, including those for unpaid wages, compensation or benefits or those resulting from any other types of claims; but

WHEREAS, the parties desire to avoid the distraction and expense of further litigation,

NOW, THEREFORE, the parties do mutually agree:

1.   The above recitations are true and correct and are incorporated into this Agreement.

2.   In exchange for the promises made by the COMPANY in this Agreement, AMADON agrees to:

a. voluntarily and irrevocably generally release, satisfy and forever discharge all persons and entities which are defined above as "COMPANY" in every legal capacity of and from any and all duties, claims, rights, complaints, charges, damage, costs, expenses, attorney's fees, debts, demands, actions, obligations, liabilities, and cause of action, of any and every kind, nature, and character whatsoever, whether known or unknown, whether cognizable in law, in equity, or before administrative bodies, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether foreseen or unforeseen, whether past, present, or future, whether fixed, liquidated, or contingent, which he ever had, now has, or may in the future claim to have had against COMPANY based on any act or omission concerning any matter, cause, or thing from the beginning of the world through the date of execution of this Agreement.  AMADON's released and discharged claims include, but are not limited to, claims and demands and actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended; the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.; the Equal Pay Act; the Family and Medical Leave Act, 29 U.S.C. 2601 et seq.; the Employee Retirement Income Security Act, as amended, 29 U.S.C. 1001 et seq.; the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.; the National Labor Relations Act, 29 U.S.C. §151 et seq.; the Florida Civil Rights Act, as amended, Chapter 760; the Florida Whistleblower Act Section 448.101, et seq.; Section 440.205 dealing with retaliation under the Florida Worker's

Compensation Act; all causes of action that can be asserted pursuant to Chapters 447 and 448, Florida Statutes, as amended, including Florida minimum wage or overtime claims; Article X, Section 24 of the Florida Constitution or under any other federal, state or local statute or Act, ordinance, regulation, custom, rule or policy relating to or dealing with employment discrimination; claims for unpaid back wages or compensation; claims for breach of an contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury as a result of his association with COMPANY; and claims under any instruments, agreements, or documents entered into by, between, or among the parties (all of the foregoing are hereinafter referred to collectively as the "Released Claims") whether known or unknown, which AMADON ever had, now has or might in the future have against COMPANY based on any acts, omissions, transactions or occurrences whatsoever occurring or accruing prior to or on the date of the signing of this Agreement with the exception of the obligations and benefits provided by this Agreement.

AMADON acknowledges that with respect to the claims he is waiving and releasing, he is waiving not only his right to recover money or other relief in any action that he might institute, but also waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), the National Labor Relations Board or any other (U.S. or foreign) federal, state, or local agency or department.  This unconditional general release shall apply regardless of whether or not

such released claims are exclusively within the jurisdiction of a court tribunal or administrative body other than the Court in which this litigation was filed.

AMADON also represents and agrees that he has no outstanding compensation, bonuses, commissions, or benefits due from COMPANY as of the date of this Agreement; that he suffered no injuries prior to his last day of service for the COMPANY; and that he has not filed any claims, complaints, charges, lawsuits or other proceedings against the COMPANY with any governmental agency, arbitrator, or any court and will not do so in the future based on the claims being released in this Agreement;

b.  Jointly move for a fairness review pursuant to <u>Lynn's Foods</u> and dismissal of the Lawsuit with prejudice understanding that the Court ultimately determines whether the amounts of apportionments of the Settlement Sum are fairly earned or distributed;  c.

Not apply for, or seek employment with, or to do business with or on behalf of COMPANY.  COMPANY shall have no obligation to process an application for employment from AMADON or to accept any offer for services and any such refusal or failure to do so shall be solely on account of this Agreement;

d.  Indemnify, defend, and hold harmless COMPANY (and each and every person or entity defined above as "COMPANY") against any claims, losses, damages, taxes, fines, penalties or expenses occasioned or incurred by COMPANY by payment of the Settlement Sum, in the amounts apportioned as back wages, liquidated damages, and attorney's fees and costs (as decided by AMADON's counsel)  and against any claims, losses, damages, or expenses incurred in connection with a claim by a non-party against the Settlement Sum.  AMADON agrees to be solely responsible for payment of his portion of any payroll taxes that are or might be determined to be due as a result of

the back wage portion of the Settlement Sum. AMADON also represents that he has not assigned any rights being waived or released under this Agreement and that he has not filed for bankruptcy at the time this Agreement is executed and entered into;

  e. He shall not enter COMPANY's current or future premises and business locations for any reason whatsoever. This provision shall be considered a "No Trespass" warning which COMPANY can seek to enforce through the police action or through civil proceedings;

  f. He shall not disparage or denigrate COMPANY and the services it provides to anyone; and

  g. He shall execute a Satisfaction of Settlement and return it to COMPANY's counsel within five (5) calendar days of the date checks for the Settlement Sum clear.

  3. AMADON acknowledges that the money and other benefits provided to him pursuant to this Agreement constitute adequate and ample consideration for the promises he makes in this Agreement and for waiving and releasing all claims in paragraph 2(a) above.

  4. In exchange for the promises made by AMADON, and conditioned upon AMADON's execution of this Agreement, his tendering executed W-4 and W-9 forms for himself and a W-9 executed by his counsel, the Court's approval of this Agreement pursuant to <u>Lynn's Foods</u>, and the entry of an order of dismissal with prejudice, COMPANY agrees to:

  a. Pay AMADON and his counsel the all-inclusive total sum of ten thousand dollars and no cents ($10,000.00), less applicable wage deductions, (referred to throughout this Agreement as the "Settlement Sum"), as consideration for entering into

this Agreement, dismissing his lawsuit with prejudice, entering into the Full Irrevocable General Release contained in, and carrying out the other promises in, this Agreement. The Settlement Sum shall be apportioned as follows:

- Five hundred dollars and no cents ($500.00) as monies denominated as "back wages", less applicable wage deductions even though it is CSDD's position that AMADON was not an employee;
- Five hundred dollars and no cents ($500.00) as monies denominated as "liquidated damages" even though it is CSDD's position that AMADON was not an employee;
- Five thousand dollars and no cents ($5,000.00) as consideration for a full general release and other promises to be made in a settlement agreement; and
- Four thousand dollars and no cents ($4,000.00) as his attorney's fees and costs

b.   The Settlement Sum shall be paid within ten (10) calendar days of the date the Court approves this fully executed Settlement Agreement and enters an order of dismissal with prejudice and the AMADON has tendered to COMPANY's counsel executed forms W-4 and W-9 and his attorney has provided an executed W-9.

c.   AMADON's portions of the Settlement Sum shall be made in checks payable to his name. The portion of the Settlement Sum attributable to attorney's fees and costs shall be made in a check payable to Padula Bennardo Levine, LLP. All checks shall be delivered to AMADON'S counsel.

d.  An originally signed copy of this Agreement must be returned to COMPANY's counsel along with an executed W-4 and W-9 for AMADON and a W-9 on behalf of AMADON's counsel. AMADON's counsel also agrees to continue to serve as AMADON's agent and representative for purposes of receiving AMADON's W-2 and 1099 at the end of the tax year and for all other purposes including service of notice as may be required or permitted under this Agreement.

e.  AMADON agrees that the Settlement Sum is meant to include any other forms of compensation he claims or could have claimed was owed in the Lawsuit, although he expressly acknowledges that COMPANY maintains that he was not owed any form of compensation or other types of damages.

f.  Any sums paid by any or entity or individual on behalf of COMPANY shall be deemed to be payment by COMPANY;

g.  Fully and finally releases and forever discharges AMADON of and from any and all actions, causes of actions, suits, damages, rights to attorney fees, debts, claims and demands whatsoever in law or equity, or otherwise, that it ever had, may have had, or has, with respect or by reason of any matter, cause or thing whatsoever, from the beginning of time to the effective date of this Agreement, except the obligations undertaken by AMADON in this Agreement; and

h.  Provide a neutral reference about AMADON's employment should COMPANY receive a request for an employment reference by a prospective employer. The only information that will be released is AMADON'S dates of employment and his last position held.

5. This Agreement, the payment of the Settlement Sum and the promises made by COMPANY pursuant to this Agreement do not constitute admissions by COMPANY (or any entity or person defined as "COMPANY" above) that it or they are liable in any respect to AMADON for wrongful, unlawful or tortious conduct, it being understood that the sole premise for this Agreement is to avoid further distraction and litigation expenses associated with the Lawsuit.

6. a.

(1) Because of the voluntary undertaking of this Agreement, the parties and their attorneys agree that if the Court permits this Agreement shall be submitted to chambers for approval and they shall not disclose the existence and terms of this Agreement and the content of the discussions pertaining to negotiations for this Agreement, (all considered to be "Confidential Information") except as may otherwise be required by the Court or to anyone other than AMADON's spouse (if any), U.S. government agencies (such as the Internal Revenue Service), the Florida Department of Economic Opportunity or the parties' accountants, tax preparers or auditors.

(2) This Agreement shall also include AMADON's obligation to prevent another to whom Confidential Information has been disclosed or divulged from making statements or taking acts prohibited by this Agreement and to refrain from suggesting to anyone else that they act indirectly to make statements or take acts prohibited by this Agreement.

Should AMADON disclose Confidential Information to any other person, and the person or entity to whom AMADON has disclosed Confidential Information further discloses Confidential Information which is protected by this paragraph, then the disclosure by the other person or entity will be deemed a breach by AMADON. AMADON

agrees that if COMPANY or any person or entity defined as "COMPANY" above proves to the satisfaction of a court of competent jurisdiction that he or anyone to whom he has disclosed Confidential Information has breached any provision in Paragraph 6, then they shall be entitled to injunctive relief, an award of actual damages suffered or the sum of one thousand dollars and no cents ($1000.00), whichever is greater, and any other legal or equitable relief that a court deems just and necessary.

(3) The parties further agree that, if asked about the claims or demands made pursuant or related to the Lawsuit, a party shall state no more than "the matter was resolved." This paragraph shall also include the obligation to refrain from suggesting to anyone else that they act indirectly to make statements or take acts prohibited by this paragraph. The parties shall refrain from engaging in disparaging conduct and also from making negative or derogatory statements concerning or directed at or about each other, unless such statements are required and made in connection with a legal, administrative or arbitral proceeding which requires truthful testimony.

b. Should a party receive a subpoena or request for production that requires that party to produce a copy of this Agreement or testify about the negotiations for, existence or terms of this Agreement or the settlement of the Lawsuit, that party shall give the other party at least ten (10) calendar days' notice before responding to the subpoena or production request except in situations where the subpoena or production request must be responded to in less than ten (10) days in which case that party must give immediate notice to the other party.

7. AMADON was encouraged to consult an attorney before signing this Agreement and acknowledges that he retained and actually consulted with his attorneys

Padula Bennardo Levine, LLP in considering whether to sign this Agreement, that he has had a reasonable amount of time within which to consider this Agreement and that it has been fully explained to him in English or the language of his choice. AMADON acknowledges that he is entering into this Agreement freely and voluntarily and with complete understanding of the rights she is waiving in this Agreement.

8. COMPANY represents that the person who signs this Agreement has been given sufficient authority to enter into this Agreement and bind it to the obligations provided herein.

9. Except as otherwise stipulated by the parties or otherwise awarded by the Court, each party agrees to be responsible for its own attorney's fees and costs and not to seek any attorney's fees from the other party with regard to the prosecution and defense of the Lawsuit and the preparation of this Settlement Agreement. Each party agrees to be responsible for any future costs that may be assessed or incurred against it, including any costs imposed by the Court with regard to the Lawsuit.

10. This Agreement constitutes the complete understanding by and among AMADON and COMPANY and supersedes any previous agreement or arrangement regarding employment by and among them, with the exception of any pre-existing Non-Solicitation/Non-Disclosure/Non-Competition agreements. No other promise or agreements shall be binding unless signed by the parties to this Agreement and no changes can be made to this Agreement unless in writing and signed by both parties.

11. The parties agree that this Agreement may be used as evidence only in a subsequent proceeding in which one of the parties alleges a breach of this Agreement. AMADON agrees that his counsel may not use this Agreement as evidence to establish

willfulness or lack of good faith in this or any future lawsuit against COMPANY or any person or entity defined as "COMPANY" above.

12. The laws, rules and regulations of the State of Florida and of the United States of America shall govern the interpretation and enforcement of this Agreement. In the event of a dispute concerning this Agreement, venue shall be set in Broward County, Florida in the District Court of the Southern District of Florida or any other court of competent jurisdiction. The District Court of the Southern District shall retain jurisdiction to enforce or interpret this Agreement until 7/1/17.

13. This Agreement shall be binding upon the parties and inure to the benefit or detriment of their respective heirs, executors, administrators, assigns, successors, beneficiaries, and agents.

14. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining terms and provisions shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law and the Court shall have the authority to reform the Agreement as necessary to make the remaining provisions valid.

15. Any breach of any term, provision, or obligation of this Settlement Agreement by any party, shall entitle the non-breaching party(s) to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

16. The parties acknowledge and assume the risk that facts, additional and different or contrary to the facts which they believe to exist, may now exist or may be discovered after this Agreement has been entered, and the parties agree that any such

additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

17. Any notices required to be made under this Agreement shall be made in writing and delivered by U.S.certified mail, by personal delivery, via email to the email address designated by the attorneys for the parties or by facsimile with confirmed receipt to the addresses below:

| | |
|---|---|
| If to AMADON | Daniel R. Levine, Esq.<br>Padula Bennardo Levine, LLP<br>101 Plaza Real South, Suite 207<br>Boca Raton, FL 33432 |
| If to COMPANY | Langbein & Langbein, P.A.<br>8181 NW 154th Street, Suite 105<br>Miami Lakes, FL 33016 |

or such other address as the parties may designate in writing from time to time.

18. This Agreement may be executed in counterparts, all of which shall be considered and used as a full original. Facsimile signatures shall be deemed to be original signatures. A copy of this Agreement may be used to enforce its terms if an original cannot be located.

[SIGNATURES FOLLOW]

INTENDING to be legally bound, the parties sign this Agreement on the date indicated next to their signatures.

SPENCER AMADON

_____

Print Name _Spencer Amadon_

Date: _06/06/17_

COUNTY OF BROWARD
STATE OF FLORIDA

Sworn to and subscribed before me this _6th_ day of _June_, 2017, by SPENCER AMADON who produced _Fla. driver's license_ as identification

ALICIA KENDRICK
MY COMMISSION # GG11808
EXPIRES: August 25, 2020

_Alicia Kendrick_
NOTARY PUBLIC AT LARGE

CORAL SPRINGS DELIVERY DUDES, LLC

By: _____
   Its:

Print: _____

Date: _____

INTENDING to be legally bound, the parties sign this Agreement on the date indicated next to their signatures.

SPENCER AMADON

_____

Print Name *Spencer Amadon*

Date: *06/06/17*

COUNTY OF BROWARD
STATE OF FLORIDA

Sworn to and subscribed before me this *6th* day of *June*, 2017, by SPENCER AMADON who produced *Fla. driver's license* as identification

ALICIA KENDRICK
MY COMMISSION # GG11808
EXPIRES: August 25, 2020

*Alicia Kendrick*
NOTARY PUBLIC AT LARGE

CORAL SPRINGS DELIVERY DUDES, LLC

By: _____
Its: _____
Print: *Richard Rooks*

Date: *6/9/17*